IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Joseph George Heyward, #200937,<br><br>        Plaintiff,<br><br>vs.<br><br>Chito T. Walker Perry, Police Officer,<br>Charleston City Police Department;<br>and Henry McMaster, SC Attorney<br>General,<br><br>        Defendants. | Civil Action No.: 8:09-266-DCN-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment, [Doc. 18.], and on plaintiff's motion to dismiss defendant Henry McMaster [Doc. 22].

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to

summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### **DISCUSSION**

The plaintiffs sole allegation against Defendant Walker, an officer with the Charleston Police Department, is that he lied to the grand jury in order to obtain an

indictment against the plaintiff for the charge of Possession of a Firearm during Commission of a Violent Crime. The plaintiff contends that Defendant Walker so testified, notwithstanding the reports of Walker and another officer that allegedly failed to indicate that the plaintiff possessed a weapon at the time of his arrest. (Pl. Resp. at 1.)

The disputed facts are immaterial. As the defendants contend, Walker enjoyed absolute immunity for the testimony he offered before the Grand Jury. *See Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996). In *Lyles*, the Fourth Circuit made specific application – to the grand jury context – of the United States Supreme Court's generalized holding, in *Briscoe v. LaHue*, 460 U.S. 325, 323-326 (1983), that government officials who testify at criminal trials are absolutely immune from damages liability based on their testimony. *Lyles*, 79 F.3d at 378; *see also White v. Wright*, 150 Fed. Appx. 193, 197 (4th Cir. 2005). In so concluding, the United States Supreme Court rejected that Section 1983 abrogated this common law immunity and deflected numerous and salient policy considerations for holding such officials liable for wrongful testimony insofar as it believed it a superior balance of evils to "leave unredressed the wrongs done by dishonest officers than to subject those who try to do their duty to the constant dread of retaliation." *Briscoe*, 460 U.S. at 345 (quotations and citations omitted). To this decisional law, the plaintiff elected to make no rejoinder. The Court is unaware of any. Accordingly, the plaintiff's claims against Defendant Walker, of whatever kind, must fail.

The plaintiff has abandoned his claims against Defendant McMaster. (Pl. Resp. at 2; [Doc. 22].) Although not specified in the plaintiff's request, the Court would recommend that the district court treat the dismissal as having been made *with prejudice*. Namely, and

notwithstanding any consent of the plaintiff, Defendant McMaster enjoys prosecutorial immunity for participation in the case against the plaintiff. See *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Lyles*, 79 F.3d at 377. Because the plaintiff has made no evidentiary showing against Defendant McMaster; because he has expressly abandoned all claims against him; and because Defendant McMaster is otherwise immune from such allegations, the claims should be dismissed with prejudice.

## **CONCLUSION**

Wherefore, based upon the foregoing, it is recommended that the defendants' motion for summary judgment [Doc. 18] should be GRANTED and all claims dismissed *with prejudice*. It is further recommended that the plaintiff's motion to dismiss Henry McMaster [Doc. 22] also be GRANTED. That dismissal should be considered as having been made, if at all, *with prejudice*.

                                      s/Bruce Howe Hendricks
                                      United States Magistrate Judge

February 4, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).